Cause No. DC-21-10666
*Jason Hanks v. GM Financial Group LLC*,
Pending in the 68th Judicial District Court of Dallas County Texas

**Exhibit "A"**

**Index Of State Court File Documents**

A-1    Docket Sheet

A-2    Plaintiffs' Original Petition                                         August 11, 2021

A-3    Citation to GM Financial Group LLC – Original Petition                August 16, 2021

A-4    Affidavit of Service of Citation                                      September 2, 2021

A-5    Court Notice of Intent to Dismiss – GM Financial Group LLC            October 7, 2021

A-6    Court Notice of Intent to Dismiss – C. Daniel Herring                 October 7, 2021

A-7    Plaintiff's First Amended Petition                                    December 9, 2021

A-8    Citation to GM Financial Group LLC – First Amended Petition           December 15, 2021

A-9    Affidavit of Service of Citation – First Amended Petition             December 30, 2021

A-10   Defendant' Answer to Plaintiff's First Amended Petition              January 7, 2022

EXHIBIT "A"

# Exhibit "A-1"

## Case Information

DC-21-10666 | JASON HANKS vs. GM FINANCIAL GROUP LLC

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| DC-21-10666 | 68th District Court | HOFFMAN, MARTIN |
| File Date | Case Type | Case Status |
| 08/11/2021 | OTHER (CIVIL) | OPEN |

## Party

PLAINTIFF
HANKS, JASON

Active Attorneys ▾
Lead Attorney
HERRIN, C DANIEL
Retained

DEFENDANT
GM FINANCIAL GROUP LLC

Address
CO WILLSON & WILSON TAX SERVICES INC
5177 RICHMOND AVE SUITE 1245
HOUSTON TX 77056

Active Attorneys ▾
Lead Attorney
STEVENS, GREGG D
Retained

## Events and Hearings

08/11/2021 NEW CASE FILED (OCA) - CIVIL

08/11/2021 ORIGINAL PETITION ▼

ORIGINAL PETITION

08/11/2021 ISSUE CITATION ▼

ISSUE CITATION - GM FINANCIAL GROUP LLC

08/16/2021 CITATION▼

Served
08/18/2021

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
09/02/2021
Comment
GM FINANCIAL GROUP LLC

09/02/2021 RETURN OF SERVICE ▼

EXECUTED CITATION - GM FINANCIAL GROUP, LLC

  Comment
  EXECUTED CITATION - GM FINANCIAL GROUP, LLC

12/09/2021 AMENDED PETITION ▼

1ST AMENDED PETITION

  Comment
  1ST

12/09/2021 ISSUE CITATION ▼

ISSUE CITATION - GM FINANCIAL COMPANY, INC. (1ST AMENDED PET)

  Comment
  PLAINTIFF'S FIRST AMENDED COMPLAINT

12/15/2021 CITATION▼

Served
12/16/2021

Anticipated Server

ESERVE

Anticipated Method
Actual Server
OUT OF COUNTY

Returned
12/30/2021
Comment
GM FINANCIAL COMPANY, INC.

12/30/2021 RETURN OF SERVICE ▼

AFFIDAVIT OF SERVICE - EXECUTED CITATION - GM FINANCIAL COMPANY INC

Comment
AFFIDAVIT OF SERVICE - EXECUTED CITATION - GM FINANCIAL COMPANY INC

01/07/2022 ORIGINAL ANSWER - GENERAL DENIAL ▼

ORIGINAL ANSWER

01/10/2022 DISMISSAL FOR WANT OF PROSECUTION ▼

Dismissal Notice

Dismissal Notice

Judicial Officer
HOFFMAN, MARTIN

Hearing Time
8:58 AM

Cancel Reason
BY COURT ADMINISTRATOR

Comment
1ST SETTING ON DWOP - SERV ISSUES MLD NTC TO PLT ATTY

02/07/2022 DISMISSAL FOR WANT OF PROSECUTION ▼

Judicial Officer
HOFFMAN, MARTIN

Hearing Time
8:58 AM

Comment
1ST RESET ON DWOP - SERVICE ISSUES MLD NTC TO PLT ATTY

## Financial

HANKS, JASON

|  |  |  |  |  |
|---|---|---|---|---|
| | Total Financial Assessment | | | $308.00 |
| | Total Payments and Credits | | | $308.00 |
| 8/12/2021 | Transaction Assessment | | | $300.00 |
| 8/12/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 52509-2021-DCLK | HANKS, JASON | ($300.00) |
| 12/9/2021 | Transaction Assessment | | | $8.00 |
| 12/9/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 81138-2021-DCLK | HANKS, JASON | ($8.00) |

## Documents

ORIGINAL PETITION

ISSUE CITATION - GM FINANCIAL GROUP LLC

EXECUTED CITATION - GM FINANCIAL GROUP, LLC

Dismissal Notice

Dismissal Notice

1ST AMENDED PETITION

ISSUE CITATION - GM FINANCIAL COMPANY, INC. (1ST AMENDED PET)

AFFIDAVIT OF SERVICE - EXECUTED CITATION - GM FINANCIAL COMPANY INC

ORIGINAL ANSWER

# Exhibit "A-2"

FILED
8/11/2021 1:55 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Angie Avina DEPUTY

CAUSE NO. _____
DC-21-10666

| | | |
|---|---|---|
| JASON HANKS, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| GM FINANCIAL GROUP LLC, | § | 68th |
| | § | ____ JUDICIAL DISTRICT OF |
| Defendant. | § | |
| | § | |
| | § | DALLAS COUNTY, TEXAS |

NOW COMES, **Jason Hanks, Plaintiff**, and hereby files this his complaint and, in support thereof would respectfully show unto the Court as follows:

## I. DISCOVERY, PARTIES, JURISDICTION, AND VENUE

### VENUE

1.    **Discovery Level 1.**  Plaintiffs intend to conduct discovery under Level 1 of the Texas Rule of Civil Procedure 190.2 and affirmatively pleads that this suit is governed by the expedited-actions process in Texas Rule of Civil Procedure 169.

### PARTIES

2.    The Plaintiff is a natural person residing in the City of Dallas, Dallas County, Texas.

3.    Defendant GM Financial Group LLC. is a domestic limited liability company with a principal address, 5177 Richmond Ave, Suite 1245, Houston, TX 77056, licensed to do business in Texas, and can be served by mail to their registered agent, Wilson & Wilson Tax Services, Inc., 5177 Richmond Ave, Suite 1245, Houston, TX 77056.

## II. RULE 47 STATEMENT / CLAIM FOR RELIEF

4.    Plaintiffs seek monetary relief over $10,000 but no more than $100,000.

## III.  <u>FACTS</u>

5.      On or about July 11, 2018, Plaintiff suffered a financial change and was concerned about his ability to make payments and retained Herrin Law Firm to assist resolve his debts.

6.      On or about November 2, 2018, Herrin Law Firm noticed Defendant GM Financial of their representation and to direct all communication to our Office.

7.      On or about March 7, 2019, Herrin Law gave verbal notice to the Defendant of their representation of Plaintiff.

8.      On or about November 18, 2019, even though they had received multiple notices of our Office's ongoing representation of Plaintiff, Defendant attempted to collect on a debt directly from Plaintiff by email.

9.      On or about January 2,2020, Herrin Law Firm sent a demand letter to Defendant and did not receive a response.

10.     Defendant then hired MRS BPO, LLC (MRS) to collect on the debt as their agent. MRS then on or about December 20, 2020 sent a collection letter directly to Plaintiff even though Defendant knew of our Office's representation but did not inform MRS.

11.     On or about April 6, 2021, Herrin Law Firm sent a second demand letter to Defendant and has not received a response.

12.     Defendant intentionally did not disclose to MRS that the Debtor had an attorney and this non-disclosure was done intentionally, to undermine the attorney-client relationship between the Plaintiff and his attorney.

### <u>COUNT I</u>

### <u>VIOLATIONS FO THE TEXAS FAIR DEBT COLLECTION PRACTICES ACT (TFDCPA)</u>

1.   Plaintiff realleges the above paragraphs as if recited verbatim.

2.   Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

3.   Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

4.   The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

5. The TDCPA prohibits collection by means of any "fraudulent, deceptive, or misleading representation," including "false representation or deceptive means to collect a debt." Tex. Fin. Code § 392.304(a)(19).

6. As stated above, Defendant has repeatedly attempted to collect a debt directly from Plaintiff even after being notified that Plaintiff was being represented for this debt by Herrin Law, PLLC and to contact Herrin Law, PLLC.

## COUNT II

## VIOLATIONS OF THE DECEPTIVE TRADE PRACTICES ACT (DTPA)

7. Plaintiff realleges the above paragraphs as if recited verbatim.

8. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

9. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

10. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

11. The TDCPA prohibits collection by means of any "fraudulent, deceptive, or misleading representation," including "false representation or deceptive means to collect a debt." Tex. Fin. Code § 392.304(a)(19).

12. As stated above, Defendant has repeatedly attempted to collect a debt directly from Plaintiff even after being notified that Plaintiff was being represented for this debt by Herrin Law, PLLC and to contact Herrin Law, PLLC.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant for damages, costs, interest and attorney's fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a.  Actual damages;

b.  Statutory damages; and

c.  Statutory costs and attorneys' fees.

d.  Exemplary and Punitive Damages for Defendant's willful violation of the Texas Fair Debt Collections Practices Act.

## JURY DEMAND

Plaintiffs hereby demand a trial by Jury.


DATED:  August 11, 2021


By: *s/C. Daniel Herrin*
     C. Daniel Herrin
     State Bar No. 24065409
     *Counsel for Plaintiff*
     Herrin Law, PLLC
     4925 Greenville Ave., Suite 455
     Dallas, TX 75206
     (469) 607-8551 (phone)
     (214) 722-0271 (fax)
     mycase@herrinlaw.com

# Exhibit "A-3"

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   **GM FINANCIAL GROUP LLC**
       **BY SERVING ITS REGISTERED AGENT, WILLSON & WILSON TAX SERVICES INC.**
       **5177 RICHMOND AVE., SUITE 1245**
       **HOUSTON, TEXAS  77056**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and  petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **68th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JASON HANKS**

Filed in said Court  **11th day of August, 2021** against

**GM FINANCIAL GROUP, LLC**
For Suit, said suit being numbered **DC-21-10666,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation.
If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 16th day of August, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
        ANGELA CONEJO



---

**ESERVE**

**CITATION**

**DC-21-10666**

**JASON HANKS**
**vs.**
**GM FINANCIAL GROUP, LLC**

**ISSUED THIS**
**16th day of August, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  ANGELA CONEJO, Deputy

**Attorney for Plaintiff**
**C DANIEL HERRIN**
**HERRIN  LAW PLLC**
**4925 GREENVILLE AVE., SUITE 455**
**DALLAS, TEXAS  75206**
**469-607-8551**
**mycase@herrinlaw.com**

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-21-10666

Court No.68th District Court

Style: JASON HANKS

 vs.

GM FINANCIAL GROUP LLC

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____day of_____,

20_____, by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of _____ County, _____ |
| For Notary | $_____ | By _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

# Exhibit "A-4"

FILED
9/2/2021 2:36 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Irasema Sutherland DEPUTY

# AFFIDAVIT OF SERVICE
Cause No: DC-21-10666

| | | |
|---|---|---|
| JASON HANKS, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| GM FINANCIAL GROUP LLC. | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | 68th JUDICIAL DISTRICT |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| | § | |

Documents: **PLAINTIFF'S ORIGINAL PETITION AND CITATION**

Received on: 08/16/2021 12:15 P.m. the above documents to be delivered to:

GM FINANCIAL GROUP, LLC.
Registered Agent - WILLSON & WILSON TAX SERVICES INC.
5177 RICHMOND AVE., SUITE 1245
Houston, Texas 77056

I, Ronald Wade Monroe II, the undersigned, being duly sworn, deposed and say that I am duly authorized to make delivery of the document(s) listed herein in the above styled case. I am over the age of 18, and I am not a party to or otherwise interested in this matter. Delivery of said documents occurred in the following manner:

By delivery to: Registered Agent - WILLSON & WILSON TAX SERVICES INC.

Title/Relationship: Registered Agent

Address of Service: 5177 RICHMOND AVE., SUITE 1245 Houston, Texas 77056

Date/Time of service: 08/18/2021 12:18 p.m.

Type of Service: By Certified Mail - Return receipt requested

Ronald Wade Monroe II, Private Process Server
ID number PSC-11829, Expiring July 31, 2023

Signed and sworn to by the said, Ronald Wade Monroe II before me this 30th day of Aug 2021, to certify which witness my hand and seal of office.

Notary Public in and for the State of Texas

My Commission Expires: Sept. 21 2023

(Seal)

CARLA MIRANDA
Notary ID #128738614
My Commission Expires
September 21, 2023



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 6645 1060 8740 65

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Ron Monroe II

844 Peach Ln

Burleson Tx 76028

B HANKS V GM Financial
Def GM Financial Reg Agent Wilson & Wilson

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: Gm Financial Group
Reg Agent Wilson & Wilson Tax
Services INC.
5177 Richmond Ave., Suite 1245
Houston, Tx 77056

9590 9402 6645 1060 8740 65

Article Number (Transfer from service label)

7020 1810 0000 6346 4886



**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X USPS

☒ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ___ Mail
☐ ___ Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

C Herrin on behalf of C Herrin
Bar No. 24065409
dherrin@herrinlaw.com
Envelope ID: 56920481
Status as of 9/3/2021 10:29 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| C DANIELHERRIN | | mycase@herrinlaw.com | 9/2/2021 2:36:49 PM | SENT |

# Exhibit "A-5"

68TH ]           'OURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET, SUITE 510-B
DALLAS, TEXAS 75202-4630
214-653-6510

October 07, 2021

GM FINANCIAL GROUP LLC
CO WILLSON & WILSON TAX SERVICES INC
5177 RICHMOND AVE SUITE 1245
HOUSTON TX  77056

Re:    DC-21-10666,       JASON HANKS  vs.  GM FINANCIAL GROUP LLC

### NOTICE OF INTENT TO DISMISS

Please take notice that, pursuant to Rule 165A of the Texas Rule of Civil Procedure and the Court's inherent power, the Court intends to dismiss the above captioned action for want of prosecution for one or more of the following reasons:

()  Plaintiff has yet to obtain service on one or more defendants.

()  Plaintiff has yet to file a motion for default judgment against one or more defendants, though defendant was served and time to answer has expired.

()  Plaintiff's motion for default judgment was denied.

()  Failure to attend scheduling conference or provide an agreed scheduling order prior to scheduling conference date.

()  Parties have yet to provide a judgment following verdict at trial.

()  Parties have yet to provide a judgment/dismissal following announcement of settlement.

()  Other reasons reflected in the file.

Hearing is set for **01/10/2022 @ 9:00 A.M.**  If you wish to retain the case on the docket, you **must appear at the hearing, or contact the Coordinator in a reasonable amount of time prior to the hearing** to request an extension.  Failure to appear and show good cause why this case should not be continued on the court's docket will result in dismissal.

Sincerely,
Martin J. Hoffman
District Judge
68th District Court
Dallas County, Texas

# Exhibit "A-6"

68TH DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET, SUITE 510-B
DALLAS, TEXAS 75202-4630
214-653-6510

October 07, 2021

C DANIEL HERRIN
HERRIN  LAW PLLC
4925 GREENVILLE AVE
SUITE 455
DALLAS TX  75206

Re:    DC-21-10666,       JASON HANKS  vs.  GM FINANCIAL GROUP LLC

**<u>NOTICE OF INTENT TO DISMISS</u>**

     Please take notice that, pursuant to Rule 165A of the Texas Rule of Civil Procedure and the Court's inherent power, the Court intends to dismiss the above captioned action for want of prosecution for one or more of the following reasons:

     (X)   Plaintiff has yet to obtain service on one or more defendants.  (OR)

     (X)   Plaintiff has yet to file a motion for default judgment against one or more defendants, though defendant was served and time to answer has expired.

     ()   Plaintiff's motion for default judgment was denied.

     ()   Failure to attend scheduling conference or provide an agreed scheduling order prior to scheduling conference date.

     ()   Parties have yet to provide a judgment following verdict at trial.

     ()   Parties have yet to provide a judgment/dismissal following announcement of settlement.

     ()   Other reasons reflected in the file.

     Hearing is set for **01/10/2022 @ 9:00 A.M.**  If you wish to retain the case on the docket, you **<u>must appear at the hearing, or contact the Coordinator in a reasonable amount of time prior to the hearing</u>** to request an extension.  Failure to appear and show good cause why this case should not be continued on the court's docket will result in dismissal.

Sincerely,
Martin J. Hoffman
District Judge
68th District Court
Dallas County, Texas

# Exhibit "A-7"

FILED
12/9/2021 3:11 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Terri Kilgore DEPUTY

Case 3:22-cv-00068-C   Document 1-1 · Filed·01/12/22   Page 26 of 66   PageID 30

CAUSE NO. DC-21-10666

| | | |
|---|---|---|
| **JASON HANKS,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **GM FINANCIAL COMPANY, INC.** | § | **68TH JUDICIAL DISTRICT OF** |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | **DALLAS COUNTY, TEXAS** |

---

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### COMPLAINT FOR DEMAND AND FOR JURY TRIAL

Plaintiff Jason Hanks ("**Plaintiff**") files this Complaint against Defendant, GM financial Company, Inc. ("GM Financial" or "**Defendant**") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and Texas Debt Collection Practices Act, Tex. Fin. Code §392.000 *et seq.* ("TDCPA"), and the Deceptive Trade Practices Act, Tex. Fin. Code §392.304 *et seq.* ("DTPA") and in support thereof, states as follows:

## I. INTRODUCTION

1.     The United States Congress has found an abundant use of abusive and deceptive practices related to unfair collection of debt. A number of debt collectors were found to have used methods that perpetrated ceaseless harassment and coercion through the abusive debt collection practices that contributed to a number of personal bankruptcies, to marital instability, to loss of jobs, and to invasions of individual privacy. As a result, Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. *§1692 et seq.* (hereinafter "FDCPA"), to eliminate the abusive methods used by debt collectors in an attempt to collect on consumer debts, and to ensure that those debt collectors who refrain from violating the FDCPA are not put in a competitive disadvantage.

2.     Similarly, the Texas legislature enacted the Texas Debt Collection Practices Act, Tex. Fin. Code. §392.000 *et seq.* (hereinafter "TDCPA") to further eliminate the abusive debt collection practices made by debt

Copy from re:SearchTX

collectors, and to further ensure that those debt collectors who refrain from violating the TDCPA are not put in competitive disadvantage.

3.      Lastly, the Texas legislature enacted the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code §§17.00 *et seq.* (hereinafter "DTPA") to prevent parties engaged in various commercial/consumer enterprises from using unfair means, or bad-faith dealings in general, to mislead, coerce, circumvent, defraud, and/or misrepresent to innocent parties the nature of their contractual relationship or information provided to them in relation to consumer goods or services.

4.      Jason Hanks ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of the named Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by the Plaintiff, which in turn caused the Plaintiff damages.

5.      Plaintiff makes these allegations on information and belief, with exception of those allegations that pertain to plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6.      While many violations are described below with specificity, this Complaint alleges violations of statutes cited in its entirety.

7.      Unless otherwise stated, all conduct engaged in by Defendants took place in Texas.

8.      Any violations by Defendant were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

9.      Unless otherwise indicated, the use of Defendants' name in the Complaint includes all agents, employees, officers, members, directors, principals, representatives, and insurers of Defendants' name.

## II. DISCOVERY, PARTIES, JURISDICTION, AND VENUE

### DISCOVERY

10.      **Discovery Level 1.** Plaintiffs intend to conduct discovery under Level 1 of the Texas Rule of Civil Procedure 190.2 and affirmatively pleads that this suit is governed by the expedited-actions process in Texas Rule of Civil Procedure 169 and seeks relief of less than $100,000.00.

PLAINTIFF PETITION AND DEMAND FOR JURY TRIAL

## VENUE

11.     This Court has subject matter jurisdiction following Chapter 37 of the Texas Civil Practice and Remedies Code over this matter to, and venue is proper pursuant Tex. Civ. Prac. & Rem. Code §15.002(1) and §15.002(3). This Court has jurisdiction over this case because the Plaintiff seeks relief in an amount and of character with this Court's jurisdiction.

12.     This Court has personal jurisdiction over the Defendant because Defendant's principal place of business is listed in Dallas County, Texas.

## PARTIES

13.     The Plaintiff, Jason Hanks, is a natural person residing in the City of Dallas, Dallas County, Texas and can be responded to through his attorneys at Herrin Law Office, PLLC at 4925 Greenville Ave., Suite 455, Dallas, Texas 75206. Plaintiff is a "consumer" as the term is defined and applied under 15 U.S. C. § 1692a(3) of the FDCPA and as defined by Tex. Fin. Code § 392.001(1) of the Texas Code.

14.     Defendant GM Financial Company, Inc. ("GM Financial"), is a domestic for-profit corporation with a principal address, 801 Cherry Street, suite 3600, Fort Worth, Texas 76102, licensed to do business in Texas, and can be served by mail to their registered agent, Corporation Service Company, at 211 E. 7th Street, suite 620, Austin, Texas 78701. Defendant is a "debt collector" as defined by both 15 U.S.C. §1692 of the FDCPA and under Texas Fin. Code §392.001(6) of the Texas Code.

## III.  RULE 47 STATEMENT / CLAIM FOR RELIEF

15.     Plaintiffs seek monetary relief over $10,000 but no more than $100,000.

## IV.  FACTS

16.     On or about July 11, 2018, Plaintiff suffered a financial change and was concerned about his ability to make payments and retained Herrin Law Firm to assist resolve his debts.

17.     On or about November 2, 2018, Herrin Law Firm noticed, or provided notice of representation to ("NOR") Defendant GM Financial of their representation and to direct all communication to our Office. In

addition, Herrin Law requested a validation of the debt. The debt arose from a voluntary surrender of the vehicle back to GM financial, effectively categorizing the debt as default (**see Exhibit A**).

18.     However, GM Financial never provided information pertaining to the auction of the vehicle, any proceeds they received from the sale, or a calculation of the amount of debt in relation to the sale. To date, GM Financial has failed to validate or provide any documents substantiating and/or validating the debt.

19.     On or about March 7, 2019, Herrin Law gave further, verbal notice to the Defendant of their representation of Plaintiff.

20.     On or about November 18, 2019, even though they had received multiple notices of our Office's ongoing representation of Plaintiff, Defendant attempted to collect on a debt directly from Plaintiff by email (**see Exhibit A-1**).

21.     The email referenced above says in part:

> Please contact our office toll free at 877-203-5537. Our hours of operation are M-Tu: 8am-8pm; W-Fri: 8am-5pm; Sat: 9am-1pm.
> I welcome the chance to work with you and strongly encourage you take this opportunity to wok with us to resolve this matter.

22.     The communication referenced above is in violation of the Texas Deceptive Trade Practices Act ("DTPA"), the Texas Debt Collection Practices Act ("TDCPA"), and the Federal Fair Dept Collection Practices Act ("FDCPA").

23.     The communication above fails to list the mini-miranda warnings in connection with debt collection now recognized by many courts, including the courts of Texas, and does not disclose any information (i) about the debt amount, (ii) the nature of the debt, (iii) that the communication is an attempt to collect on debt. In fact, it only provides a name in the subject line of the email and is signed ambiguously from "Loss Recovery Department." Nor does the communication address the fact that at this point the Defendant has received numerous communications from the Plaintiff's counsel about their involvement with the ongoing, disputed debt, or acknowledge in any way that the Plaintiff is and has been represented by counsel.

24.     On or about January 2, 2020, Herrin Law Firm sent a demand letter to Defendant once again requesting any debt validation, reiterating its representation of the Plaintiff, and again directing further communication to its office but did not receive a response from the Defendant. (**See Exhibit B**).

25.     Defendant then hired MRS BPO, LLC ("MRS") to collect on the debt as their agent. MRS on or about December 20, 2020, sent a collection letter directly to Plaintiff and Plaintiff's wife, Melissa Hanks, even though Defendant (GM Financial) knew of our Office's representation but did not inform MRS (**See Exhibit C and Exhibit C-1**).

26.     On or about April 6, 2021, Herrin Law Firm sent a second demand letter to Defendant (GM Financial), this letter included everything that Plaintiff's counsel had sent and tried to communicate to the Defendant but once again did not receive a response (**See Exhibit B-1**). In addition, Plaintiff's counsel sent a letter on or about April 6, 2021, to MRS explaining the Plaintiff and his counsel's attempts to notify GM Financial (**see Exhibit D**)

27.     Daniel Herrin, through Herrin Law Office, PLLC, was in direct correspondence with MRS where attorneys for them stated they had not been given disclosure information, and that it would be a "surprise" to them if such information was freely given by the Defendant to MRS since they know of the Plaintiff's representation.

28.     Upon information and belief, Defendant (GM Financial) intentionally did not disclose to MRS that the Debtor had an attorney, and this non-disclosure was done willfully to undermine the attorney-client relationship between the Plaintiff and his attorney.

29.     Furthermore, neither MRS nor GM Financial ever provided a validation of the debt, as required under the Fair Debt Collection Practices Act.

30.     Upon information and belief, it's the Defendant's (GM Financial) regular practice and company policy to collect on debts in violation of the DTPA, TDCPA, and FDCPA by failing to disclose any notice of representations it receives on behalf of debtors in order to confuse, harass, and otherwise circumvent the laws in place that prohibit such actions taken by the Defendant and/or Defendant's third-party debt collectors.

31.     Defendant is also liable under the doctrine of vicarious liability.

32.     Under the TDCPA, a "debt collector is a person who directly or indirectly engages in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor…the [TDCPA] 'applies to entity attempting to collect their own debt.[1]'"

---

[1] *London v. Gums*, No. H-12-3011, 2014 U.S. Dist. LEXIS 16149, at *3, *18 (S.D. Tex. 2014)

33.     While GM Financial might claim they are both the Original Creditor or that they are not a debt collector, it's clear that these terms are merely used to avoid liability under the FDCPA and TDCPA. GM Financial consistently service their own accounts regarding debt, after default, and further they regularly practice the methods of hiring other recognized debt collectors to work on their behalf.

34.     In short, "the fact that a [creditor, servicer, or original creditor] may also be in the business of servicing…accounts does not necessarily mean that its principal business is not debt collection.[2]"

35.     In essence, GM Financial regularly performs debt collection actions against consumers, after default, but tries to avoid liability of any of the Acts mentioned herein by claiming they are only a creditor and/or servicer of an account.

36.     Further, a creditor and or debt collector is also liable for actions made on its behalf by third-party debt collectors. As stated in *Rodriguez v. Fulton Friedman & Gullace, LLP* , No. H-11-4592, 2012 U.S. Dist. (S.D. Tex. 2012), "several circuit courts have held that a party that is itself a debt collector may be held vicariously liable for improper collection activities of those acting on its behalf."

37.     The TDCPA defines debt collection as "an action, conduct, practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor," even if they are the original holders of the debt.[3]

38.     Defendant is a "debt collector" as defined by the FDCPA because they 1) are in the regular practice of collecting debt, and 2) the debt in question was in default. If it's determined, however, that they are not a debt collector then they may still be held liable, vicariously, for acts perpetrated by third-parties on their behalf.

39.     Upon information and belief, it is the regular practice and company policy of the Defendant and other named parties to move debt around, assign or reassign debt in order to avoid consumer debt protection laws. Further, creditors and debt collectors have both willfully and intentionally chosen not to update the Plaintiff's file with notice of representation to further avoid consumer protection laws.

---

[2] *Rogers v. Capital One Servs., LLC* , No. 10-cv-398 (VLB), 2011 U.S. Dist. LEXIS 17064 (D. Conn. 2011)
[3] *See Id.* Footnote 1 in Plaintiff's Original Petition.

40.     Upon information and belief, it is the regular practice and policy of the Defendant to (i) circumvent the FDCPA, DTPA, and TDCPA consumer protection laws by ignoring them; (ii) then when confronted with violations deny any fault or involvement; (iii) then subsequently sell off or assign the debt after a violation has occurred or to pass the buck, so to speak; (iv) and lastly avoid any liability for violations of any Acts by using umbrella terms like "Original Creditor," "Creditor," "Servicer," but oddly never a "debt collector."

41.     Subsequently, Jason Hanks, through counsel filed an Original Petition with this Court but has since found out that GM Financial Group, an affiliate of one of the Defendants, had failed to renew their business registration with the Secretary of State's office here in Texas. This failure to renew took place on August of 2021. Plaintiff's Original Petition was filed in August of 2021 and was served to the necessary parties. **(see Exhibit E)**.

42.     However, Defendants, through their affiliates and/or third-party relations to other entities, failed to appear before the Court, and this Original Petition is being amended since new information relating to Paragraph No. 39 has come to light.

## COUNT I

## VIOLATIONS FO THE TEXAS DEBT COLLECTION PRACTICES ACT (TDCPA) BY GM FINANCIAL COMPNAY, INC.

1.     Plaintiff realleges the above paragraphs as if recited verbatim.

2.     Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

3.     Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

4.     The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

5.     The TDCPA prohibits collection by means of any "fraudulent, deceptive, or misleading representation," including "false representation or deceptive means to collect a debt." Tex. Fin. Code § 392.304(a)(19).

6.     As stated above, Defendant has repeatedly attempted to collect a debt directly from

Plaintiff even after being notified that Plaintiff was being represented for this debt by Herrin Law, PLLC and to contact Herrin Law, PLLC.

## COUNT II

## VIOLATIONS OF THE DECEPTIVE TRADE PRACTICES ACT (DTPA) BY GM FINANCIAL COMPANY, INC.

7.    Plaintiff realleges the above paragraphs as if recited verbatim.

8.    Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

9.    Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

10.   The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

11.   The TDCPA prohibits collection by means of any "fraudulent, deceptive, or misleading representation," including "false representation or deceptive means to collect a debt." Tex. Fin. Code § 392.304(a)(19).

12.   A violation of the TDCPA constitutes a violation of the DTPA, see Tex. Fin. Code §392.404.

13.   As stated above, Defendant has repeatedly attempted to collect a debt directly from Plaintiff even after being notified that Plaintiff was being represented for this debt by Herrin Law, PLLC and to contact Herrin Law, PLLC.

14.   The acts of the Defendant were knowingly and willfully and have led to continuous harassment by debt collectors and mental-anguish for the Plaintiff.

## COUNT III.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692-1692(p) (FDCPA) BY GM FINANCIAL COMPANY, INC.

15.   Plaintiff realleges the above paragraphs as if recited verbatim.

16.     The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

17.     As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant for damages, costs, interest and attorney's fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a.     Actual damages;

b.     Statutory damages; and

c.     Statutory costs and attorneys' fees.

d.     Exemplary and Punitive Damages for Defendant's willful violation of the Texas Fair Debt Collections Practices Act.

## JURY DEMAND

Plaintiffs hereby demand a trial by Jury.

DATED:  December 9, 2021

By: *s/C. Daniel Herrin*
    C. Daniel Herrin
    State Bar No. 24065409
    *Counsel for Plaintiff*
    Herrin Law, PLLC
    4925 Greenville Ave., Suite 455
    Dallas, TX 75206
    (469) 607-8551 (phone)

(214) 722-0271 (fax)
mycase@herrinlaw.com

# HERRIN
## — LAW —

GM Financial
PO Box 181145
Arlington TX 76096

|       | RE: | Client Name:      | **Jason Hanks** |
|-------|-----|-------------------|-----------------|
|       |     |                   | **Melissa Hanks** |
|       |     | Account Number:   | **457514842** |
|       |     | Current Balance:  | **$16,060.00** |
|       |     | SSN (last 4):     | **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** |
|       |     |                   | **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** |
|       |     | DOB:              | **10/5/1976** |

## Notice of Attorney Representation pursuant to the Fair Debt Collection Practices Act and Texas Fair Debt Collection Practices Act and the Fair Credit Billing Act

Dear Sir or Madam:

You are hereby notified that I have been retained to represent Jason Hanks Melissa Hanks pursuant to the Federal Debt Collections Practices Act ("FDCPA") and the Texas Fair Debt Collection Practices Act ("TFDCPA"). Specifically, 15 U.S.C. § 1692(c) of the FDCPA states that "if the debt collector knows the consumer is represented by an attorney with respect to such debt ... then the debt collector may not communicate with the consumer in connection with the collection of the debt."

This letter serves as adequate notice that Jason Hanks Melissa Hanks is being represented by the undersigned attorney to resolve his or her debts, including any alleged debts that you may be trying to collect upon. Any and all communication needs to be directed to my law firm at:

| Herrin | Law, | PLLC |
|--------|------|------|
| 4925 Greenville Ave., Suite 130 | | |
| Dallas, | Texas | 75206 |
| 469-607-8551 | | (Phone) |
| 214-722-0271 | | (Facsimile) |

Furthermore, this letter serves as a request to validate and verify any alleged debts that GM Financial believes is owed by my Client, pursuant to 15 U.S.C. § 1692g, Section 809(b) and pursuant to the Fair Credit Billing Act.

Please provide the following information:

1.  The amount you claim is owed;
2.  The complete account number;
3.  Any documents establishing that my client agreed to incur the debt (i.e., copy of the contract, promissory note, or other instrument evidencing the debt);
4.  If you are not the original creditor, please provide the name of the original creditor and address;
5.  A complete explanation of how you computed the amount of debt that is owed;
6.  The date of last payment made on the account;
7.  Proof that you are a licensed debt collector.

I would like to inform you that in case your agency has reported invalidated account information to any of the 3 main Credit Bureaus such as TransUnion, Equifax, Experian, then it will be regarded as a fraudulent action under both the federal and state laws. Due to this reason, if any negative item is reported to any of my credit reports by your agency or the agency that you represent, then I will be compelled to take legal steps against you.

If your agency/company fails to respond to this debt validation request within a period of 30 days from the date of your receipt, then the account information must be completely deleted from my client's credit report, and a copy of such deletion request should be sent to me at once.

Please ensure that all collection calls to my Client's home, workplace must immediately cease and all calls should be directed to my law office at the number provided herein.

If you attempt to make calls to my Client's, then it will be considered harassment, and I will have no option but to initiate legal proceedings.

It would be advisable that you assure that your records are in order before I am forced to take legal action. This is an attempt to correct your records, any information obtained shall be used for that purpose.

Best regards,

C. Daniel Herrin, Attorney for Client

www.herrinlaw.com

**Dallas**
1925 Greenville Ave., Suite 130
Dallas, Texas 75206
Tel.: (469)-607-8551
Fax: (214)-722-0271

## Borrower Authorization and Consent for Creditor to Communicate Directly with Attorney

I, the undersigned, hereby authorize GM Financial (the "Creditor") (and any other of Creditor's agents) to discuss my Account with Herrin Law, PLLC and its agents, including but not limited to C. Daniel Herrin, Jennifer Cruse, Javier Calderon, Lisa Waugh and any other employees of Herrin Law, PLLC ("Designated Agents"). Further, Creditor is hereby authorized to negotiate the terms of a workout agreement and/or a settlement offer with my Designated Agents and to deliver documents to my Designated Agents which concern my request for workout options or settlement agreements.

I understand that I will be fully responsible for reviewing any information that is sent by Creditor to my Designated Agents. This Authorization will remain effective until I specifically notify Creditor in writing that this Authorization is of no further force and effect.

DocuSigned by:

*Jason Hanks*

F4795747F78C41U...

Jason Hanks

DocuSigned by:

ACE8F480E5776489...

Melissa Hanks

Date: 10/22/2018 6:23:52 PM PDT

www.herrinlaw.com

**Dallas**
4925 Greenville Ave., Suite 130
Dallas, Texas 75206
Tel.: (469)-607-8551
Fax: (214)-722-0271



Daniel Herrin <dherrin@herrinlaw.com>

---

## Fwd: Fw: GM Financial

---

**Jason Hanks** <hanks3pointtrucking@gmail.com>        Wed, Nov 20, 2019 at 11:03 AM
To: Daniel Herrin <dherrin@herrinlaw.com>

--------- Forwarded message ---------
From: **Melissa** <mimigirl_21@yahoo.com>
Date: Tue, Nov 19, 2019, 2:00 AM
Subject: Fw: GM Financial
To: Jason Hanks <hanks3pointtrucking@gmail.com>

Sent from Yahoo Mail on Android

----- Forwarded Message -----
**From:** "pford1" <pford1@srvmrmarl01.acf.americredit.com>
**To:** "pford1" <pford1@srvmrmarl01.acf.americredit.com>
**Sent:** Mon, Nov 18, 2019 at 12:15 PM
**Subject:** GM Financial

Please contact our office toll free at 877-203-5537.  Our hours of operation are M-Tu: 8am-8pm; W-Fri: 8am-5pm; Sat: 9am-1pm.

I welcome the chance to work with you and strongly encourage you to take this opportunity to work with us to resolve this matter.


Thank you for taking the time to read this email.  We look forward to hearing from you.


Sincerely,


Loss Recovery Department
cid:image001.png@01D0779B.BD38D900
877-203-5537 (Toll Free) |
CSLM@gmfinancial.com

Privileged and Confidential. This email, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain privileged or confidential information. If you have received this email in error, please notify me immediately by a return email and delete this email. You are hereby notified that any dissemination, distribution or copying of this email and/or any attachments there to is strictly prohibited.

---

**2 attachments**

 **GM FINANCIAL**   image001.png
                    2K

**EXHIBIT A-1**

GM FINANCIAL   **image001.png**
2K



Herrin Law
4925 Greenville Ave.
Suite 455
Dallas TX 75206



GM Financial
P.O. Box 181145
Arlington, TX 76096

**EXHIBIT B**

**EXHIBIT B**





January 2, 2020

GM Financial                                                                    ***VIA FIRST CLASS MAIL***
P.O. Box 181145
Arlington, TX 76096

| | | |
|---|---|---|
| **RE:** | **Client:** | **Jason Hanks** |
| | | **Melissa Hanks** |
| | **Acct #:** | **457514842** |
| | **Social Security Number:** | **XXX-XX-6811** |
| | | **XXX-XX-7752** |
| | **DOB:** | **10/5/1976** |
| | | **7/29/1976** |

## DEMAND CONCERNING TFDCPA VIOLATIONS

Dear Sir or Madam:

This letter is in response to your repeated and willful violations of the Texas Fair Debt Collection Practices Act ("TFDCPA"). Furthermore, the Texas Debt Collection Practices Act (TDCPA), Tex. Fin. Code § 392 *et seq*., "provides remedies for wrongful debt collection practices arising out of a debtor/creditor relationship." *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 135 (Tex.App—13th, Corpus Christi 2001, no pet.). "Debt collector" is defined as "a person who directly or indirectly engages in debt collection." Tex. Fin. Code § 392.001(6). "'Debt' means any obligation or *alleged* obligation arising out of a consumer transaction," and "'[c]onsumer' means an individual who owes or *allegedly owes* a debt created primarily for personal, family or household purposes." *Ford*, 44 S.W.3d at 135-36 (citations omitted) (emphasis added). The TDCPA prohibits collection by means of any "fraudulent, deceptive, or misleading representation," including "false representation or deceptive means to collect a debt." Tex. Fin. Code § 392.304(a)(19).

On November 2, 2018, Herrin Law, PLLC (hereinafter, "our Office"), notified GM Financial (hereinafter ***"GM")*** of our Office's representation of Jason Hanks and Melissa Hanks (hereinafter, "our Client"). ***See* Exh. A**. Further, verbal notice of representation was provided on March 7, 2019. Despite our Office having provided *GM* with notice of representation regarding our Client; *GM* insists on attempting to unlawfully collect this debt directly from our Client in plain violation of state law; leaving our Office no other option than to pursue legal recourse and seek judicial remedy. Our client has provided legally sufficient evidence documenting your willful violations of the law, even though we have repeatedly warned you not to do so. ***See* Exhibit B.**

www.herrinlaw.com

**Dallas**
1925 Greenville Ave., Suite 455
Dallas, Texas 75206
Tel.: (469)-607-8551
Fax: (214)-722-0271



Most recently, our Client received an email dated on or about November 18, 2019, wherein *GM* attempted to collect on a debt directly from our Client rather than our Office. ***See* Exh. B**. As mentioned above, this is in direct violation of state law. Furthermore, it is well settled law that a consumer is entitled to relief when a debt collector makes "false representations as to the legal status of a debt in connection with the sale, transfer or assignment of a debt to another debt collector, with the knowledge that the purchaser, transferee or assignee intends to initiate or continue attempts to collect the debt." See *Unifund CCR Partners, Inc. v. Magrin, 538 US 980 (2003)*.

You have clearly violated the law and our client is entitled to be made whole by your wrongful actions. It is hereby demanded that you remit **$5,000.00** to our office to compensate our Client for the undue emotional, physical, and financial harm you have caused him as well as for the costs that our law firm has had to incur and resources we have expended protecting our client from your negligible and wrongful actions. In consideration for this sum, our client agrees not to pursue the judicial remedies in which she is entitled under state law—which will, in the long run, likely end up costing your companies much more in litigation and damages.

This letter is a formal demand that *GM* immediately cease any and all collection attempts against our Client. Additionally, because our Office has been forced to expend our time and resources to resolve *GM's* illegal collection attempts, our Office also formally demands remittance of attorneys' fees in the amount of **five thousand ($5,000.00) dollars** for violating the TFDCPA. Acceptable payment should be made in the form of a check made payable to Herrin Law, PLLC.

Please respond within **fourteen (14) days** from the date of this letter to acknowledge that *GM* has updated their internal systems to accurately reflect that our Client is represented by our Office and that GM will refrain from further collection attempts against our Client. *GM's* response should also include payment for legal fees. If *GM* fails to respond, our Office is fully prepared to litigate this matter to ensure that our Client is protected and will pursue the maximum amount of damages available by law. If you have concerns regarding this matter, please direct them to our Office.


Kind Regards,

*C. Daniel Herrin*

C. Daniel Herrin, Esq.
Founding Partner


**www.herrinlaw.com**



April 6, 2021

GM Financial                                                          *VIA FIRST CLASS MAIL*
P.O. Box 181145
Arlington, TX 76096

RE:    **Client:**                          **Jason Hanks**
                                            **Melissa Hanks**
        **Acct #:**                         **457514842**
        **Social Security Number:**         **XXX-XX-6811**
                                            **XXX-XX-7752**
        **DOB:**                            **10/5/1976**
                                            **7/29/1976**

---

### SECOND DEMAND CONCERNING FDCPA AND TFDCPA VIOLATION

---

### DUE TO NO RESPONSE ON OUR ORIGINAL DEMAND LETTER THIS, SECOND DEMAND LETTER, WILL BE OUR SECOND AND FINAL ATTEMPT TO RESOLVE THIS ISSUE.

Dear Sir or Madam:

This letter is in response to MRS Associates (hereinafter "Collector") and GM Financial (hereinafter, "Creditor"), violations of the Fair Debt Collection Practices Act (hereinafter, "FDCPA") and the Texas Fair Debt Collection Practices Act (hereinafter, "TFDCPA"). Specifically, 15 U.S.C. § 1692c of the FDCPA states that "if the debt collector knows the consumer is represented by an attorney with respect to such debt . . . then the debt collector may not communicate with the consumer in connection with the collection of the debt."

On November 2, 2018, Herrin Law, PLLC (hereinafter, "our Office"), notified Creditor of our Office's representation of Jason Hanks and Melissa Hanks (hereinafter, "our Clients"). *See* **Exh. A**. Further, verbal notice of representation was provided on March 7, 2019. Despite our Office having provided Creditor with notice of representation regarding our Clients; Creditor insists on attempting to unlawfully collect this debt directly from our Clients in plain violation of state law; leaving our Office no other option than to pursue legal recourse and seek judicial remedy. Our client has provided legally sufficient evidence documenting your willful violations of the law, even though we have repeatedly warned you not to do so, our Clients received an email dated on or about November 18, 2019, wherein Creditor attempted to collect on a debt directly from our Clients rather than our Office. *See* **Exhibit B**. Our Office mailed Creditor a demand letter regarding this TFDCPA violation on January 2, 2020 and never received a response. *See* **Exhibit C.**

**www.herrinlaw.com**

**Dallas**
1925 Greenville Ave., Suite 455
Dallas, Texas 75206
Tel.: (469)-607-8551
Fax: (214)-722-0271

EXHIBIT B-1



Most recently, Collector contacted our Clients from phone number (817) 339-6603 by Tony Bramble stating they were collecting for Creditor. Our Clients' also received letters in the mail collecting for this debt. *See* **Exhibit D and E.**

It is well settled law that a consumer is entitled to relief when a debt collector makes "false representations as to the legal status of a debt in connection with the sale, transfer or assignment of a debt to another debt collector, with the knowledge that the purchaser, transferee or assignee intends to initiate or continue attempts to collect the debt." *See Magrin v. Unifund CCR Partners, Inc.*, 52 Fed.Appx. 938, 939 (9th Cir. Nev. 2002).

"A debt collector may not avoid FDCPA liability simply by hiring another to engage in unlawful debt collection activities on its behalf." *Plummer v. Atlantic Credit & Finance, Inc.*, 66 F. Supp.3d 484, 493 (S.D.N.Y. 2014). As Creditor's, and Collector well know, under traditional and established laws of agency, "vicarious liability does not require specific acts of control, but rather allows principals to be held liable for the acts of their agents." *Id.*; *See also Okyere v. Palisades Collection, LLC*, 961 F.Supp.2d 508 (S.D.N.Y. 2013).

At a minimum, Creditor is negligent and reckless for not informing Collector that our Client is represented by our Office, and subsequently protected from collection attempts under state and federal law—laws which Creditor and Collector violated by repeatedly contacting our Client.

It is hereby demanded that you remit **Seven thousand five hundred dollars ($7,500.00)** to our Office to compensate our Clients for the undue emotional, physical, and financial harm you have caused them, as well as for the costs that our Office has had to incur, and resources we have expended, in protecting our Client from your negligible and wrongful actions. In consideration for this sum, our Clients agree not to pursue the judicial remedies in which they are entitled under state and federal law—which will, in the long run, likely end up costing your companies much more in litigation and damages. Our Office has been very patient and made many reasonable attempts to resolve this matter without legal action, but if this offer is rejected, you will leave us with no other option than to pursue the legal recourse and judicial remedy to which our Clients are entitled.

Your prompt attention to this matter is appreciated. I look forward to hearing from you.

Best Regards,

C. Daniel Herrin, Esq.

**www.herrinlaw.com**

**Dallas**
1925 Greenville Ave., Suite 455
Dallas, Texas 75206
Tel.: (469)-607-8551
Fax: (214)-722-0271



EXHIBIT C



**MRS**

Send Payment/Correspondence to:
1930 OLNEY AVENUE
CHERRY HILL NJ 08003
(800-819-8567

Office Hours:
Monday - Thursday  9am - 9pm ET
Friday                        9am - 5pm ET

S-SFMRSA11
PDAXX2703G7809 - 647873401 115098
Return Address:
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003

JASON HANKS
PO BOX 1156
GRAHAM TX 76450-1156

December 20, 2020

| | |
|---|---|
| CREDITOR: GM FINANCIAL | |
| CREDITOR ACCT#: xxxx4842 | |
| MRS ACCT#: LU1.13775722 | |
| VEHICLE MAKE: GMC | |
| VEHICLE MODEL: SIERRA 150 | |
| ACCOUNT BALANCE : $15,595.62 | |

Dear JASON HANKS,

The above referenced creditor has placed your account with our office for collection. We recognize that sometimes circumstances or events can make it difficult to satisfy your financial obligations.

Resolving a long overdue debt is never easy. Often the hardest part is taking the first step. We are ready to assist you to find a solution that is both fair and reasonable.

Payment may be made by calling 800-819-8567, by mail to the above address or by using our online payment website at https://portal.mrsbpo.com.

**IMPORTANT CONSUMER INFORMATION**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

MRS BPO, L.L.C.
800-819-8567

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.



April 6, 2021

MRS Associates                                                   *VIA FIRST CLASS MAIL*
1930 Olney Ave.
Cherry Hill, NJ 08003

| RE: | **Client:** | **Jason Hanks** |
|---|---|---|
| | | **Melissa Hanks** |
| | **Acct #:** | **457514842** |
| | **Social Security Number:** | **XXX-XX-6811** |
| | | **XXX-XX-7752** |
| | **DOB:** | **10/5/1976** |
| | | **7/29/1976** |

---

### SECOND DEMAND CONCERNING FDCPA AND TFDCPA VIOLATION

---

### DUE TO NO RESPONSE ON OUR ORIGINAL DEMAND LETTER THIS, SECOND DEMAND LETTER, WILL BE OUR SECOND AND FINAL ATTEMPT TO RESOLVE THIS ISSUE.

Dear Sir or Madam:

This letter is in response to MRS Associates (hereinafter "Collector") and GM Financial (hereinafter, "Creditor"), violations of the Fair Debt Collection Practices Act (hereinafter, "FDCPA") and the Texas Fair Debt Collection Practices Act (hereinafter, "TFDCPA"). Specifically, 15 U.S.C. § 1692c of the FDCPA states that "if the debt collector knows the consumer is represented by an attorney with respect to such debt . . . then the debt collector may not communicate with the consumer in connection with the collection of the debt."

On November 2, 2018, Herrin Law, PLLC (hereinafter, "our Office"), notified Creditor of our Office's representation of Jason Hanks and Melissa Hanks (hereinafter, "our Clients"). ***See Exh. A***. Further, verbal notice of representation was provided on March 7, 2019. Despite our Office having provided Creditor with notice of representation regarding our Clients; Creditor insists on attempting to unlawfully collect this debt directly from our Clients in plain violation of state law; leaving our Office no other option than to pursue legal recourse and seek judicial remedy. Our client has provided legally sufficient evidence documenting your willful violations of the law, even though we have repeatedly warned you not to do so, our Clients received an email dated on or about November 18, 2019, wherein Creditor attempted to collect on a debt directly from our Clients rather than our Office. ***See Exhibit B.*** Our Office mailed Creditor a demand letter regarding this TFDCPA violation on January 2, 2020 and never received a response. ***See Exhibit C.***

WWW.herrinlaw.com

**Dallas**
1925 Greenville Ave., Suite 455
Dallas, Texas 75206
Tel.: (469)-607-8551
Fax: (214)-722-0271



Most recently, Collector contacted our Clients from phone number (817) 339-6603 by Tony Bramble stating they were collecting for Creditor. Our Clients' also received letters in the mail collecting for this debt. *See* **Exhibit D and E.**

It is well settled law that a consumer is entitled to relief when a debt collector makes "false representations as to the legal status of a debt in connection with the sale, transfer or assignment of a debt to another debt collector, with the knowledge that the purchaser, transferee or assignee intends to initiate or continue attempts to collect the debt." *See Magrin v. Unifund CCR Partners, Inc.*, 52 Fed.Appx. 938, 939 (9th Cir. Nev. 2002).

"A debt collector may not avoid FDCPA liability simply by hiring another to engage in unlawful debt collection activities on its behalf." *Plummer v. Atlantic Credit & Finance, Inc.*, 66 F. Supp.3d 484, 493 (S.D.N.Y. 2014). As Creditor's, and Collector well know, under traditional and established laws of agency, "vicarious liability does not require specific acts of control, but rather allows principals to be held liable for the acts of their agents." *Id.*; *See also Okyere v. Palisades Collection, LLC*, 961 F.Supp.2d 508 (S.D.N.Y. 2013).

At a minimum, Creditor is negligent and reckless for not informing Collector that our Client is represented by our Office, and subsequently protected from collection attempts under state and federal law—laws which Creditor and Collector violated by repeatedly contacting our Client.

It is hereby demanded that you remit **Seven thousand five hundred dollars ($7,500.00)** to our Office to compensate our Clients for the undue emotional, physical, and financial harm you have caused them, as well as for the costs that our Office has had to incur, and resources we have expended, in protecting our Client from your negligible and wrongful actions. In consideration for this sum, our Clients agree not to pursue the judicial remedies in which they are entitled under state and federal law—which will, in the long run, likely end up costing your companies much more in litigation and damages. Our Office has been very patient and made many reasonable attempts to resolve this matter without legal action, but if this offer is rejected, you will leave us with no other option than to pursue the legal recourse and judicial remedy to which our Clients are entitled.

Your prompt attention to this matter is appreciated. I look forward to hearing from you.

Best Regards,

C. Daniel Herrin, Esq.

**www.herrinlaw.com**

AFFIDAVIT OF SERVICE

Cause No: DC-21-10666

| | | |
|---|---|---|
| JASON HANKS, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | |
| | § | |
| GM FINANCIAL GROUP LLC. | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | 68ᵗʰ JUDICIAL DISTRICT |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| | § | |

Documents: **PLAINTIFF'S ORIGINAL PETITION AND CITATION**

Received on: 08/16/2021 12:15 P.m. the above documents to be delivered to:

> GM FINANCIAL GROUP, LLC.
> Registered Agent - WILLSON & WILSON TAX SERVICES INC.
> 5177 RICHMOND AVE., SUITE 1245
> Houston, Texas 77056

I, Ronald Wade Monroe II, the undersigned, being duly sworn, deposed and say that I am duly authorized to make delivery of the document(s) listed herein in the above styled case. I am over the age of 18, and I am not a party to or otherwise interested in this matter. Delivery of said documents occurred in the following manner:

By delivery to: Registered Agent - WILLSON & WILSON TAX SERVICES INC.

Title/Relationship: Registered Agent

Address of Service: 5177 RICHMOND AVE., SUITE 1245 Houston, Texas 77056

Date/Time of service:  08/18/2021 12:18 p.m.

Type of Service: By Certified Mail - Return receipt requested

# EXHIBIT E

Ronald Wade Monroe II, Private Process Server
ID number PSC-11829, Expiring July 31, 2023

Signed and sworn to by the said, Ronald Wade Monroe II before me this 30th day of AUG
2021, to certify which witness my hand and seal of office,

Notary Public in and for the State of Texas

My Commission Expires: Sept. 21, 2023

(Seal)

CARLA MIRANDA
Notary ID #128738614
My Commission Expires
September 21, 2023

**EXHIBIT E**

USPS TRACKING #

9590 9402 6645 1060 8740 65

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Ron Monroe II
844 Peach Ln
Burleson Tx 76028

B HANKS V GM Financial
Def GM Financial Reg Agent Welton & Wilson

EXHIBIT E

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: Gm Financial Group

Reg Agent Wilson & Wilson Tax
Services Inc.
5177 Richmond Ave., Suite 1245
Houston, Tx 77056



9590 9402 6645 1060 8740 65

Article Number (Transfer from service label)

7020 1810 0000 6346 4886

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X USPS

☑ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

Gia W.T.S   8/20

D. Is delivery address different from item 1?  ☑ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ~~d Mail~~
☐ ~~Mail~~ Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

3811, July 2020 PSN 7530-02-000-9053    **EXHIBIT E**

Domestic Return Receipt

# Exhibit "A-8"

**FORM NO. 353-3 - CITATION**
**THE STATE OF TEXAS**

To:   **GM FINANCIAL COMPANY, INC.**
       **BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY**
       **211 E. 7TH STREET, SUITE 620**
       **AUSTIN, TEXAS 78701**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S FIRST AMENDED COMPLAINT**, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **68th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JASON HANKS**

Filed in said Court  **9th day of December, 2021** against

**GM FINANCIAL COMPANY, INC.**

For Suit, said suit being numbered **DC-21-10666,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation.
If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 15th day of December, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
     ANGELA CONEJO



---

**ESERVE**

**CITATION**

**DC-21-10666**

**JASON HANKS**
**vs.**
**GM FINANCIAL GROUP LLC**

**ISSUED THIS**
**15th day of December, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  ANGELA CONEJO, Deputy

**Attorney for Plaintiff**
**C. DANIEL HERRIN**
**HERRIN  LAW PLLC**
**4925 GREENVILLE AVE., SUITE 455**
**DALLAS, TEXAS  75206**
**469-607-8551**
mycase@herrinlaw.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-21-10666

Court No.68th District Court

Style: JASON HANKS

 vs.

GM FINANCIAL GROUP LLC

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of _____,

20_____, by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |  |  |
|---|---|---|---|---|
| For serving Citation | $_____ | _____ | | |
| For mileage | $ _____ | of _____ County, _____ | | |
| For Notary | $_____ | By _____ Deputy | | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

# Exhibit "A-9"

FILED
12/30/2021 10:37 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Daniel Macias DEPUTY

## CAUSE NO. DC-21-10666

| | | |
|---|---|---|
| JASON HANKS | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| VS. | § | 68TH JUDICIAL COURT |
| | § | |
| GM FINANCIAL GROUP LLC | § | |
| Defendant. | § | DALLAS COUNTY TEXAS |

## AFFIDAVIT OF SERVICE

"The following came to hand on **Dec 15, 2021, 12:00 pm**,

### CITATION, PLAINTIFF'S FIRST AMENDED COMPLAINT,

and was executed at **211 E 7th St Suite 620, Austin, TX 78701** within the county of **Travis** at **02:50 PM** on **Thu, Dec 16 2021**, by delivering a true copy to the within named

**GM FINANCIAL COMPANY, INC BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY ACCEPTED BY AUTHORIZED AGENT EVIE LICHTENWALTER**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **Corin Johnson**, my date of birth is **2/5/1983**, and my address is **500 E. 4th St. #143, Austin, TX 78701** , and **United States of America**. I declare under penalty of perjury that the foregoing is true and correct.

Executed in **Travis** County, State of **TX**, on **December 18, 2021**.

_____

Corin Johnson
Certification Number: PSC-5625
Certification Expiration: 9/30/2022

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

C Herrin on behalf of C Herrin
Bar No. 24065409
dherrin@herrinlaw.com
Envelope ID: 60393210
Status as of 1/4/2022 9:39 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| C DANIELHERRIN | | mycase@herrinlaw.com | 12/30/2021 10:37:48 AM | SENT |

# Exhibit "A-10"

FILED
1/7/2022 1:34 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Jenifer Trujillo DEPUTY

**CAUSE NO. DC-21-10666**

| | | |
|---|---|---|
| **JASON HANKS,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | **68TH JUDICIAL DISTRICT** |
| **GM FINANCIAL COMPANY, INC.,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION

Defendant GM Financial Company Inc., more properly identified as AmeriCredit Financial Services Corporation d/b/a GM Financial ("*GMF*") files its Original Answer to Plaintiff's ("*Plaintiff*") First Amended Complaint (*"Amended Complaint"*).

## GENERAL DENIAL

1.      GMF, pursuant to Rule 502.5 of the Texas Rules of Civil Procedure, generally denies all of the claims as alleged by Plaintiff, and respectfully prays that Plaintiff be required to prove his claims as alleged by a preponderance of the evidence or such higher standard as may be applicable.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's claims are barred by the applicable statute of limitations.

2.      Plaintiff's claims may be subject to binding arbitration pursuant to an arbitration agreement.

3.      Some or all of Plaintiffs claims are barred by the economic loss doctrine.

4.      Plaintiff's claims are barred in whole or in part because of his failure to perform his contractual obligations.

5.      GMF denies any liability for exemplary damages.  In the unlikely event that the trial of this cause results in the finding of exemplary or punitive damages, GM Financial hereby invokes the limitations on the amount of punitive damages inherent under the due process clause of the United States Constitution, Fourteenth Amendment.

**<u>PRAYER FOR RELIEF</u>**

GMF consents to e-mail service in this suit at the following e-mail addresses: gstevens@mcglinchey.com and adelrio@mcglinchey.com.

WHEREFORE, GMF respectfully prays that Plaintiff take nothing by reason of the claims as alleged, and for such other and any further relief to which this Court deems it to be justly entitled. Respectfully submitted,

By: _/s/ Gregg D. Stevens_

**GREGG D. STEVENS**
State Bar No. 19182500
**ALEXIS DEL RIO**
State Bar No. 24120796
**MCGLINCHEY STAFFORD**
6688 North Central Expressway, Suite 400
Dallas, Texas 75206
Telephone:  (214) 445-2445
Facsimile:  (214) 594-2911
gstevens@mcglinchey.com
adelrio@mcglinchey.com

**ATTORNEYS FOR DEFENDANT GM FINANCIAL COMPANY INC. MORE PROPERLY IDENTIFIED AS AMERICREDIT FINANCIAL SERVICES CORPORATION, D/B/A GM FINANCIAL**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 7, 2022, a copy of the above and foregoing was filed electronically with the Clerk of Court.  Notice of this filing has been forwarded to all parties, by and through their attorneys of record by operation of the Court's electronic filing system and/or via email.

<u>***Via Efile.TXCourts.gov***</u>
C. Daniel Herrin
Herrin Law, PLLC
4925 Greenville Avenue, Suite 455
Dallas, Texas 75206
***Counsel for Plaintiff***

<u>*s/ Gregg D. Stevens*</u>
GREGG D. STEVENS

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Julia O'Boyle on behalf of Alexis Del Rio
Bar No. 24120796
joboyle@mcglinchey.com
Envelope ID: 60609508
Status as of 1/7/2022 2:16 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| C DANIELHERRIN | | mycase@herrinlaw.com | 1/7/2022 1:34:48 PM | SENT |

Associated Case Party: GM FINANCIAL GROUP LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Alexis Del Rio | | adelrio@mcglinchey.com | 1/7/2022 1:34:48 PM | SENT |
| Gregg D.Stevens | | gstevens@mcglinchey.com | 1/7/2022 1:34:48 PM | SENT |
| Linda A.Weaver | | lweaver@mcglinchey.com | 1/7/2022 1:34:48 PM | SENT |